SIXTH DISTRICT APPELLATE PROGRAM

DALLAS SACHER
Assistant Director
State Bar #100175
100 N. Winchester Blvd., Suite 310
Santa Clara, CA 95050
(408) 241-6171

Attorneys for Petitioner,
David Leon

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID LEON,** | No. C07-3954MJJ |
| Petitioner, | MOTION TO STAY PROCEEDINGS |
| v. | |
| **TOM FELKER, WARDEN,** | |
| Respondent. | |

TO THE HONORABLE MARTIN JENKINS:

Petitioner respectfully requests that the proceedings be stayed while he seeks exhaustion of two critical issues in the California Supreme Court. This motion is supported by the attached memorandum of points and authorities and exhibits.

Dated: September 21, 2007           Respectfully submitted,


_____
DALLAS SACHER
Attorney for Petitioner,
David Leon

## PROCEDURAL HISTORY

In state court, petitioner was convicted of second degree murder at a jury trial. The jury was instructed on two separate legal theories: (1) malice murder; and (2) felony murder. The record does not establish the theory on which the jury relied in rendering its verdict.

On his state appeal, petitioner was represented by attorney Dallas Sacher. In both the California Court of Appeal and California Supreme Court, Mr. Sacher raised a number of arguments with regard to the murder conviction. These same arguments have been raised in this court.

Recently, Mr. Sacher has concluded that he erred by failing to raise an equal protection argument with regard to the California Supreme Court's inconsistent case law on the application of the "collateral purpose" rule as it relates to second degree felony murder. (Exhibit A.) With petitioner's approval, Mr. Sacher has filed a petition for writ of habeas corpus in the California Supreme Court in S156486. (Exhibit B.) The petition was filed on September 20, 2007. In the petition, it is argued *inter alia* that: (1) petitioner was deprived of his right to equal protection under the Fourteenth Amendment to the federal Constitution, and (2) petitioner was deprived of due process under the Fourteenth Amendment to the federal Constitution when his appellate lawyer failed to raise the equal protection claim on appeal.

I.

A STAY SHOULD BE ENTERED IN ORDER THAT PETITIONER MAY EXHAUST MERITORIOUS ISSUES IN STATE COURT.

It is well settled that a state prisoner may not present a claim on federal habeas which he failed to exhaust in state court. *Rhines v. Weber*, 544 U.S. 269, 273-274 (2005). However, upon a proper showing, a petitioner is entitled to a stay of the federal proceedings while the claim is exhausted in state court. *Id*., at 277-279.

In determining whether to issue a stay, the court should consider three factors: (1) whether the petitioner had good cause for his failure to exhaust; (2) whether the unexhausted claims are potentially meritorious; and (3) whether the petitioner is seeking a stay for the purpose of delay. *Rhines*, 544 U.S. at 278. In this case, each of the factors militates in favor

of the issuance of a stay.

In his attached declaration (Exhibit A), petitioner's state appellate counsel has explained that he erred when he failed to realize that a viable equal protection claim was available to petitioner. Thus, counsel has candidly conceded that he failed to provide effective assistance to petitioner. Since petitioner bears no blame for counsel's error, there is plainly good cause for a stay so that petitioner's constitutional issue can be exhausted in state court and raised in this proceeding.

The equal protection claim is "potentially meritorious." *Rhines*, 544 U.S. at 278. The court can satisfy itself that this is true by examining the argument which has been presented to the California Supreme Court. (Exhibit B, pp. 38-41.)

Finally, petitioner is not seeking to delay the instant proceedings. To the contrary, petitioner has no motive to do so since a grant of relief by this court is the only avenue by which he can obtain his freedom.

Through no fault of petitioner, his attorney failed to exhaust a vital issue in state court. This court should therefore exercise its discretion to stay the proceedings until such time as the California Supreme Court rules on the pending petition.

## CONCLUSION

For the reasons expressed above, the proceedings should be stayed. Petitioner should be directed to file an amended petition in this court no later than 30 days following the finality of the state habeas proceedings. *Rhines*, 544 U.S. at p. 278 (suggesting that stay order should be conditioned on a return to federal court "'30 days after state exhaustion is completed.'")

Dated: September ____, 2007             Respectfully submitted,

_____
DALLAS SACHER
Attorney for Petitioner,
David Leon