EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
GREGORY A. OTT
Deputy Attorney General
State Bar No. 160803
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5964
  Fax: (415) 703-1234
  Email: gregory.ott@doj.ca.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **DAVID LEON,** | C 07-3954 MJJ |
| Petitioner, | **OPPOSITION TO MOTION TO STAY PROCEEDINGS** |
| v. | |
| **TOM FELKER, Warden,** | **(No hearing date scheduled)** |
| Respondent. | |

California state prisoner David Leon ("petitioner") filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. He subsequently obtained counsel and has moved this Court to stay the proceedings while he returns to state court to exhaust remedies for additional claims. We oppose the motion, as it is not supported by good cause.

**BACKGROUND**

On October 14, 2004, a Santa Clara County jury convicted petitioner of second degree murder and shooting at an occupied vehicle, with enhancements for personal use of a firearm. Exh. A; *see* Cal. Penal Code §§ 187, 246, 12022.53(d). Petitioner was sentenced to forty years to life in prison.

1   On April 12, 2006, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal. Pet. at 4. On October 20, 2006, the court denied the petition, and affirmed petitioner's judgment on direct review. Exh. A; Pet. Attach. C. The California Supreme Court denied direct review, and review of the court of appeal decision denying the habeas petition, on February 7, 2007. Pet. Attachs. B & D.

On August 1, 2007, petitioner filed the instant petition.

On September 20, 2007, petitioner filed a second petition for writ of habeas corpus in the California Supreme Court. That petition remains pending at the time of this submission.

Petitioner has been represented by counsel throughout all of his post-conviction proceedings.[1]

**ARGUMENT**

**THE APPLICATION TO STAY THE PROCEEDINGS SHOULD BE DENIED BECAUSE THERE IS NO GOOD CAUSE TO SUPPORT IT**

Petitioner asks this Court to stay these proceedings while he returns to state court and exhausts state remedies for two[2] new claims not raised in the instant petition. Motion to Stay at 1-2. Petitioner's counsel's reason for seeking the stay is that counsel did not think of the claims until recently. There is no good cause to stay the proceeding.

The Supreme Court has observed, "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (citation omitted). For these reasons, the Court held that a district court should grant stay and abeyance "only in limited circumstances." *Id.*

---

1. Although petitioner filed the instant petition pro se, it was apparently prepared by counsel or other third party beyond the prison. The petition is computer generated and printed, a format not available to California state inmates. Regardless, counsel formally appeared for petitioner shortly after the petition was filed.

2. Petitioner's state petition in fact raises *four* claims, although two have already been raised previously in state court.

Opp. to Mtn. to Stay Proceedings - *Leon v. Felker* - No. C 07-3954 MJJ

2

1  "[S]tay and abeyance is only appropriate when the district court determines there was good cause
2  for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner
3  had good cause for that failure, the district court would abuse its discretion if it were to grant him
4  a stay when his unexhausted claims are plainly meritless." *Id.* (citation omitted).

5  Petitioner does not demonstrate good cause for his failure to present his new claims earlier
6  in state court. With the assistance of counsel, petitioner has already pursued direct review and state
7  collateral review, in both the California Court of Appeal and California Supreme Court. Petitioner's
8  counsel's reason for returning to state court for a *third* round of review is that the new claims did
9  not "occur" to counsel until recently, after petitioner's previous state proceedings were final.
10 Motion to Stay Exh. A. The fact remains, however, the claims have always *existed* and could have
11 been presented in state court at any time; they are not based on new law. Although petitioner asserts
12 he is not at fault for counsel's omission, Motion to Stay at 3, the question "whether it is
13 inappropriate to penalize a client for the actions of his lawyer is not a factor to be considered."
14 *Hernandez v. Yates*, 2007 U.S. Dist. LEXIS 55831 at *3 (E.D. Cal. 2007); *accord Felder v.*
15 *Hickman*, 2007 U.S. Dist. LEXIS 57124 at **4-5 (S.D. Cal. 2007); *cf. Josselyn v. Dennehy*, 475 F.3d
16 1, 5 (1st Cir. 2007) (failure to exhaust based on ignorance of the law does generally does not
17 constitute good cause to stay). To grant petitioner the requested stay under the circumstances
18 here—newly conjured claims—would effectively render the stay and abeyance procedure
19 standardless, contrary to *Rhines*. *See Rhines v. Weber*, 544 U.S. at 276-77. Petitioner should not
20 be entitled to delay the instant case to pursue a third round of state review simply because counsel
21 thinks of new claims as time passes.

22 In sum, petitioner has failed to establish good cause for his failure to previously exhaust
23 his new claims. He has been represented by counsel at all stages of post-conviction review. He has
24 exhaustively pursued state direct and collateral review, through the California Supreme Court. He
25 asks this Court to stay these proceedings so he can pursue a *third* round of state review based solely
26 on counsel's claim that the new claims "did not occur" to him earlier. If *Rhines*'s mandate, that stay
27 be granted only in "limited circumstances" and upon a showing of "good cause," holds any meaning,
28 stay cannot be granted here. *See Rhines v. Weber*, 544 U.S. at 276-77.

Opp. to Mtn. to Stay Proceedings - *Leon v. Felker* - No. C 07-3954 MJJ

**CONCLUSION**

Accordingly, for the reasons stated, respondent respectfully requests that the motion to stay the proceedings be denied.

Dated: November 28, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General


/s/ Gregory A. Ott
GREGORY A. OTT
Deputy Attorney General

Attorneys for Respondent