SIXTH DISTRICT APPELLATE PROGRAM

DALLAS SACHER
Assistant Director
State Bar #100175
100 N. Winchester Blvd., Suite 310
Santa Clara, CA 95050
(408) 241-6171

Attorneys for Petitioner,
David Leon

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEON,<br><br>   Petitioner,<br><br> v.<br><br>TOM FELKER, WARDEN,<br><br>   Respondent. | No. C07-3954MJJ<br><br>REPLY BRIEF IN SUPPORT OF MOTION TO STAY PROCEEDINGS |

TO THE HONORABLE MARTIN JENKINS:

Petitioner respectfully submits his reply brief in support of his motion to stay the proceedings.

Dated: December 4, 2007    Respectfully submitted,

               /s/ Dallas Sacher
               DALLAS SACHER
               Attorney for Petitioner,
               David Leon

**TABLE OF CONTENTS**

REPLY BRIEF IN SUPPORT OF MOTION TO STAY PROCEEDINGS . . . . . . . . . . . 1

I.    THERE IS GOOD CAUSE FOR A STAY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**TABLE OF AUTHORITIES**

**CASES**

*Edwards v. Carpenter,*
    529 U.S. 446 (2000) .................................................... 2

*Felder v. Hickman,*
    2007 U.S. Dist. 57124 (S.D. Cal. 2007) ............................ 4

*Hale v. Jackson,*
    2007 U.S. Dist. LEXIS 86069 (E.D. Mich. 2007) .............. 3,4

*Hernandez v. Yates,*
    2007 U.S. Dist. LEXIS 55831 (E.D. Cal. 2007) ................. 4

*Houston v. Hernandez,*
    2007 U.S. Dist. LEXIS 76480 (N.D. Cal. 2007) ............... 2,4

*Josselyn v. Dennehy,*
    475 F.3d 1 (1st Cir. 2007) .............................................. 4

*Rhines v. Weber,*
    544 U.S. 269 (2005) ................................................. 2,4,5

*Smith v. Kirkland,*
    2007 U.S. Dist. LEXIS 66033 (N.D. Cal. 2007) ............. 2,3,4

# I.

## THERE IS GOOD CAUSE FOR A STAY.

In order to obtain a stay, it is petitioner's burden to show that: (1) there is good cause for the failure to previously exhaust issues; (2) the unexhausted claims are potentially meritorious; and (3) the stay is not sought for the purpose of delay. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Here, the government makes no claim that petitioner has failed to satisfy factors two and three. Rather, the government's sole contention is that petitioner has not shown good cause for his failure to previously exhaust issues in state court. The government's position is meritless.

At the outset, it is important to note that the opinion in *Rhines* does not define the term "good cause." However, the meaning of the term can be discerned by a consideration of how the term "cause" has been used in a related federal habeas context.

In some cases, a state prisoner's failure to exhaust an issue in state court can be excused by a federal court upon a showing of "cause and prejudice." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Importantly, the prisoner can establish "cause" by showing that he was deprived of the effective assistance of appellate counsel when his state appellate lawyer failed to raise a potentially meritorious issue. *Ibid.*

Given this rule, no reason appears why the standard of "good cause" for a stay should be viewed any differently. Indeed, a number of cases have implicitly adopted this approach.

In *Houston v. Hernandez*, 2007 U.S. Dist. Lexis 76480 (N.D. Cal. 2007), the petitioner sought a stay in order to exhaust a claim of ineffective assistance of counsel in state court. The court granted a stay after finding that good cause had been shown:

> "There is no reason for the court not to exercise its discretion to stay and abey the present federal habeas proceedings until petitioner's state remedies are exhausted. Petitioner is in the process of exhausting his ineffective assistance of counsel claim, which appears to have some merit, and there is no indication that he has engaged in dilatory litigation tactics." *Houston v. Hernandez*, 2007 U.S. Dist. Lexis 76480 at * 3.

The same result obtained in *Smith v. Kirkland*, 2007 U.S. Dist. Lexis 66033 (N.D. Cal. 2007). There, the petitioner was dissatisfied that his attorney had failed to exhaust certain

issues on his state appeal. The petitioner filed a habeas petition in the California Supreme Court on the grounds of ineffective assistance of counsel and sought a stay of his federal habeas action. The court granted the stay.

> "Here, petitioner is asserting ineffective assistance of counsel as a grounds for a state habeas petition after appealing his conviction. That habeas petition has been fully briefed and awaits decision on the merits by the state court. There is no reason for the court not to exercise its discretion to stay and abey the present federal habeas proceedings until petitioner's state remedies are exhausted. Petitioner is in the process of exhausting his additional claim and there is no indication that he has engaged in dilatory litigation tactics." *Smith v. Kirkland*, 2007 U.S. Dist. Lexis 66033 at * 4-5.

Finally, *Hale v. Jackson*, 2007 U.S. Dist. Lexis 86069 (E.D. Mich. 2007) is also directly on point. There, the petitioner sought a stay for the purpose of advancing *inter alia* a claim of ineffective assistance of counsel in state court. The court issued a stay.

> "Petitioner argues that his unexhausted claims were not presented in state court because his attorney was ineffective. An appellate attorney cannot be expected to raise his or her own ineffective assistance on appeal. [Citation.] Thus, the Court finds that Petitioner has asserted good cause for failing previously to present these claims in state court. In addition, the Court finds that these claims are not 'plainly meritless' and that Petitioner has not engaged in intentionally dilatory tactics. [Citation] Therefore, the court shall grant the motion and stay further proceedings in this matter pending Petitioner's exhaustion of the additional claims." *Hale v. Jackson*, 2007 U.S. Dist. Lexis 86069 at * 6-7.

Petitioner is identically situated to the petitioners in the cited cases. Through no fault of petitioner, his state appellate lawyer failed to raise a potentially meritorious equal protection claim. Acting with diligence, petitioner has now advanced his equal protection claim and a claim of ineffective assistance of appellate counsel in the California Supreme Court. Under these circumstances, there is good cause for the issuance of a stay.

In arguing to the contrary, the government asserts that petitioner's personal ignorance of the equal protection claim does not constitute good cause for a stay. Opposition at 3. Rather, in the government's view, a stay should not be issued since the equal protection claim existed at the time of the state appeal and could have been timely raised. *Ibid*. There are two answers to the government's position.

First, contrary to the government's claim, there is ample authority for the proposition

that good cause is shown when appellate defense counsel, and not petitioner, erred by failing to raise an issue on appeal. *Hale v. Jackson*, 2007 U.S. Dist. 86069; *Smith v. Kirkland*, 2007 U.S. Dist. 66033; *Houston v. Hernandez,* 2007 U.S. Dist. Lexis 76480. Moreover, as has been argued above, if a claim of ineffective assistance of appellate counsel can constitute sufficient "cause" to excuse a procedural default, there is no reason why the same claim should be deemed insufficient to constitute "good cause" for a stay.

Second, the cases cited by the government do not conflict with petitioner's thesis. This is so since the cases did not involve viable claims of ineffective assistance of counsel.

In both *Josselyn v. Dennehy*, 475 F.3d 1 (1st Cir. 2007) and *Felder v. Hickman*, 2007 U.S. Dist. 57124 (S.D. Cal. 2007), it was held that good cause for a stay was not shown merely because state appellate counsel had not exhausted certain issues. However, the petitioners in those cases did not seek to advance a claim of ineffective assistance of appellate counsel. *Josselyn*, 475 F.3d at 2 (petitioner sought to exhaust claims of prosecutorial misconduct which had not been raised before state Supreme Court); *Felder*, 2007 U.S. Dist. Lexis 57124 at * 5 ("court notes that Petitioner has not asserted an ineffective assistance of counsel claim" in support of his showing of good cause).

*Hernandez v. Yates,* 2007 U.S. Dist. Lexis 55831 (E.D. Cal. 2007) is distinguishable for a slightly different reason. There, the petitioner sought a stay in order to exhaust a claim of ineffective assistance of trial counsel. However, the record before the district court revealed that petitioner was *personally* aware of the grounds for relief while his state proceedings were pending. *Hernandez v. Yates*, 2007 U.S. Dist. Lexis 55831 at * 7. Thus, petitioner had no satisfactory explanation for why he had not sought to timely raise his claim in state court. *Ibid.* Here, of course, a different situation is presented since petitioner had no personal knowledge of the equal protection claim.

In short, the government's position seems to be that good cause for a stay should never be found on the basis of ineffective assistance of counsel. However, neither *Rhines* nor the cases cited by the government so hold. This court should reject the government's argument.

Finally, it must be emphasized that the stakes for petitioner are significant. If successful, petitioner's equal protection claim will result in reversal of his conviction for second degree murder and the attendant sentence of 40 years to life. Insofar as the government makes no claim that the equal protection argument lacks merit, petitioner's argument should be addressed on its merits.

## CONCLUSION

For the reasons expressed in petitioner's pleadings, the proceedings should be stayed. Petitioner should be directed to file an amended petition in this court no later than 30 days following the finality of the state habeas proceedings. *Rhines*, 544 U.S. at 278 (suggesting that stay order should be conditioned on a return to federal court "'30 days after state exhaustion is completed.'")

Dated: December 4, 2007                    Respectfully submitted,


                                           /s/ Dallas Sacher
                                           DALLAS SACHER
                                           Attorney for Petitioner,
                                           David Leon

---

REPLY BRIEF IN SUPPORT OF MOTION TO STAY PROCEEDINGS -
No. C07-3954MJJ                                                          -5-