UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEON,<br><br>   Petitioner,<br><br> v.<br><br>TOM FELKER,<br><br>   Respondent. | No. C 07–03954 MHP<br><br>**<u>ORDER TO SHOW CAUSE</u>** |

  In 2004 and 2005, petitioner David Leon ("Leon") was convicted and sentenced in Santa Clara County, California for second degree murder and shooting at an occupied vehicle. He is now incarcerated at the California State Prison in Susanville, California in Lassen County. Leon has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. section 2254. His petition is now before the court for preliminary review pursuant to 28 U.S.C. section 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Venue is proper in this district because petitioner was sentenced and convicted here in the Northern District of California. <u>See</u> 28 U.S.C. § 2241(d); Habeas Local Rule 2254–3(a)(1).

<u>LEGAL STANDARD</u>

  This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled

thereto." 28 U.S.C. § 2243. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rule 4, Rules Governing Section 2254 Cases. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, patently frivolous or false. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990), cert. denied sub nom. Hendricks v. Calderon, 517 U.S. 1111 (1996).

DISCUSSION

Petitioner Leon was convicted and sentenced for the murder of Enrique Hernandez after discharging his gun at the automobile in which Mr. Hernandez was a passenger on November 15, 2002. Prior to the shooting, Mr. Hernandez assaulted petitioner and incited a mob to chase petitioner to petitioner's parents' house. Later that evening, Mr. Hernandez returned to petitioner's parents' address, vandalized a neighbor's car possibly with a pellet gun, and attempted to flee in the automobile driven by his girlfriend when he was fatally shot by petitioner. Leon's defense at trial was that he acted in reasonable self defense and defense of property. The jury deliberated for nine hours before returning a guilty verdict.

Petitioner's claims fall generally into three categories: (1) Fourteenth Amendment due process claims based upon improper and inadequate jury instructions; (2) a Fourteenth Amendment equal protection claim implicating the merger rule as it applies to felony murder; and (3) a Sixth Amendment ineffective assistance of counsel claim.

I.  Fourteenth Amendment Due Process Claims

A state trial court's improper instructions to a jury is a cognizable ground for relief in a federal habeas corpus proceeding only if the error so infected the trial as to deprive petitioner of the fair trial guaranteed by the Fourteenth Amendment. See Estelle v. McGuire, 502 U.S. 62, 72 (1991). Accordingly, Leon argues that he was denied due process under the Fifth and Fourteenth Amendments by the trial court's failure to instruct the jury in a variety of ways. First, Leon argues that the court denied him due process by failing to instruct: (1) that a citizen may use deadly force to

2

1 apprehend a fleeing felon (CALJIC No. 5.25); (2) a citizen may justifiably kill the perpetrator of a
2 burglary under a reasonable fear of death or great bodily injury (CALJIC Nos. 5.10, 5.15, 5.16, 6.00
3 and 14.58); (3) a citizen may use reasonable force in the defense of property (CALJIC No. 5.43);
4 and (4) that a pellet gun is a deadly weapon as a matter of law.  Leon further argues that he was
5 denied due process by the trial court's erroneous instruction that the right of self defense is not
6 immediately available to a person who was originally an assailant (CALJIC No. 5.54) or to a person
7 who seeks a quarrel (CALJIC No. 5.55).

8       Leon next alleges that he was denied due process by the trial court's:  (1) error in instructing
9 the jury on second degree felony murder; (2) failure to instruct *sua sponte* on the collateral purpose
10 element of second degree felony murder; and (3) error in instructing the jury on an irrebutable
11 presumption of malice.

12       In California, when a homicide occurs during the commission of a felony that is inherently
13 dangerous to human life, the felony murder rule elevates the homicide charge to at least second
14 degree murder.  See People v. Ireland, 70 Cal. 2d 522, 538  (1969).  However, those felonies that
15 "merge" with the homicide fall outside the ambit of the rule.  Id. at 539 ("a second degree
16 felony–murder instruction may not properly be given when it is based upon a felony which is an
17 integral part of the homicide and which the evidence produced by the prosecution shows to be an
18 offense included in fact within the offense charged").  This doctrine is often referred to as the
19 "merger rule."  In People v. Randle, 35 Cal.4th 987, 1005 (2005), the Supreme Court of California
20 expounded upon the merger rule by articulating the "collateral purpose" doctrine, which says that if
21 the offender's purpose for committing the felony is collateral to an intent to cause injury, then the
22 felony does not merge with the homicide and a felony murder instruction may properly be given.

23       Here, Leon was charged with an inherently dangerous felony—shooting at an occupied
24 vehicle—which prompted the trial court to instruct the jury on felony murder.  Petitioner first argues
25 that this instruction was erroneous and denied him due process because he had no purpose in firing
26 at Mr. Hernandez's vehicle collateral to harming Mr. Hernandez.  Petitioner cites his own testimony
27 for support—that he intentionally fired a gun at the bottom half of Mr. Hernandez's door with the
28 sole intent to harm the victim.  Consequently, petitioner next claims the trial court denied him due

3

process by failing to instruct the jury on the collateral purpose rule. See Randle, 35 Cal.4th at 1005. Petitioner argues that a jury should have adjudicated the issue of whether the collateral purpose rule applies. Finally, petitioner argues that the trial court denied him due process by failing to instruct the jury to consider malice as an element of second degree felony murder. Petitioner claims that the felony murder rule is unconstitutional because it imputes the requisite malice for a murder conviction to the perpetrator of a homicide during the commission of an inherently dangerous felony. See People v. Hansen, 9 Cal.4th 300, 308 (1994). Petitioner argues that the rule violates due process because it relieves the government from its burden of proving every element of the murder offense. See Cal. Penal Code § 187(a); Carella v. California, 491 U.S. 263, 265–66.

The court concludes that petitioner's due process claims cannot be summarily dismissed because the allegations in his petition are not vague, conclusory, palpably incredible, patently frivolous or false. The court ORDERS respondent to SHOW CAUSE why the writ should not be granted based on violation of petitioner's due process rights.

II.   Fourteenth Amendment Equal Protection Claim

Leon next argues that he was denied the right to equal protection under the Fourteenth Amendment insofar as the merger rule for felony murder applies to the offense of negligent discharge of a weapon and not to the offense of shooting at an occupied vehicle. See People v. Robertson, 34 Cal.4th 156 (2004) (applying the merger rule to the offense of negligent discharge of a firearm).

The court has serious doubts about whether petitioner's equal protection claim is cognizable because as a defendant charged with shooting at an occupied vehicle, the court does not see how petitioner is similarly situated to a defendant charged with negligent discharge of a firearm. Moreover, even if the two types of defendants are similarly situated, the court notes that, under rational basis review, the state has legitimate reasons for the differential treatment.

Despite the court's doubts and in the interest of obtaining complete briefing on the issues raised by petitioner, the court ORDERS respondent to SHOW CAUSE why the writ should not be granted based on violation of petitioner's right to equal protection.

4

III.   Sixth Amendment Ineffective Assistance of Counsel Claim

Finally, Leon argues that he was denied the Sixth Amendment right to the effective assistance of counsel under the principle established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 685 (1984), that defendants are "entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair." Petitioner must demonstrate that: (1) "counsel made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) "the deficient performance prejudiced the defense." Id. at 687.  Leon argues that trial counsel's failure to effectively advocate in his closing statement petitioner's legal right to act "quickly" and "harshly" pursuant to the trial judge's instruction CALJIC No. 5.50.1 falls below the standard of care. Petitioner also alleges that trial counsel's failure to raise on appeal the equal protection claim stated above breached the professional standard in light of counsel's express concession of error.

While this claim is generally cognizable, it is questionable on the facts alleged. Nonetheless, since the due process claim must be addressed, the court also ORDERS respondent to SHOW CAUSE why the writ should not be granted upon this ground as well.

CONCLUSION

(1)   Pursuant to 28 U.S.C. section 2243 this court finds that petitioner's claims require an answer from the respondent. The court ORDERS respondent to SHOW CAUSE why the writ should not be granted.

(2)   The clerk of this court shall, by certified mail: (a) serve a copy of this Order and a copy of petitioner's petition upon the Attorney General of the State of California; and (b) serve a copy of this Order upon petitioner and petitioner's attorneys.

(3)   Pursuant to Habeas Local Rule 2254–6(b), respondent shall file an answer with this court within **sixty (60) days** of the date of this order. This answer shall show cause why a writ of habeas corpus should not issue and shall conform in all respects to Rule 5 of the Rules Governing Section 2254 Cases and Habeas Local Rule 2254–6(b).

(4) Pursuant to Habeas Local Rule 2254–6(c), petitioner shall serve and file a traverse within **thirty (30) days** after respondent has filed the answer.

(5) This matter shall be deemed submitted as of the date petitioner's traverse is due. No hearing will be held unless the court so orders at a later date.

IT IS SO ORDERED.

Dated: June 20. 2008

MARILYN HALL PATEL
United States District Court Judge
Northern District of California