United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEON, | No. C 07-03954 MHP |
|       Petitioner, | |
|   v. | **MEMORANDUM & ORDER** |
| TOM FELKER, | **Re: Motion to Alter Judgment** |
|       Respondent. | |

Petitioner David Leon, a California prisoner incarcerated at the California State Prison in Susanville, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 9, 2010, this court granted the petition in part, and vacated Leon's conviction for second degree murder. The respondent's motion to alter judgment is now before the court for consideration.

BACKGROUND

On October 14, 2004, petitioner was convicted of second degree murder, Cal. Penal Code §187, and of discharging a firearm at an occupied motor vehicle. *Id.* § 246. Petitioner exhausted his claims for habeas corpus in the state courts, and then on August 1, 2007, he filed a petition for writ of habeas corpus in this court. *Leon v. Felker*, No. 07-03954, 2010 WL 3476680, at *4 (N.D. Cal. Sept. 9, 2010) (Patel, J.). This court granted the petition in part, holding that there were violations of due process and equal protection because the trial court improperly instructed the jury on a felony murder theory. *Id.* at *15-16.

The court based its grant of habeas relief on *People v. Chun,* which was decided after Leon's conviction. *See* 45 Cal. 4th 1172, 1200 (2009). In that case, the California Supreme Court held that when the felony underlying a felony murder charge is assaultive in nature, the felony merges with the homicide and cannot be the basis of a felony murder conviction. *See id.* In this case, the superior court instructed the jury on both implied malice second degree murder, as well as second degree felony murder. *Leon*, 2010 WL 3476680 at *15. The jury was given a general verdict form, and as a result, it did not clearly indicate under which theory it convicted petitioner. *Id.* The court therefore concluded that "the felony murder instructions may have had a substantial influence on the conviction." *Id*.

On September 9, 2010, this court vacated petitioner's second degree murder conviction, remanding the case to the state trial court. *Id.* On October 22, 2010, respondent filed a motion to alter judgment, alleging the court had erred in its prior order, and asking the court to alter the judgment pursuant to Federal Rule of Civil Procedure 59(e). Docket No. 44 (Motion to Alter Judgment).

DISCUSSION

Although respondent essentially asks the court to reconsider its analysis, its motion is styled as a motion to alter the judgment under Rule 59(e). The local rules require a party moving for reconsideration to obtain leave of the court to file a Rule 60(b) motion, which respondent did not do. *See* N.D. Cal. Civ. R. 7-9. The court denies the motion on the merits for the reasons stated below, but it remains skeptical as to the procedural propriety of respondent's motion.

Where a state court commits an instructional error, a federal court may grant habeas relief if it concludes that the error had a "substantial and injurious effect or influence on the verdict" or if "left in grave doubt" as to whether there was such an effect. *Pulido v. Chrones*, — F.3d —, 2010 WL 5157164, at *3 (9th Cir. Dec. 21, 2010) (quoting *Brecht v. Abrahamson,* 507 U.S. 619, 623 (1993); *Kotteakos v. United States*, 328 U.S. 750, 765 (1946)). The court faithfully applied the *Brecht* standard, finding that the erroneous felony murder instruction had "substantial influence and

injurious effect" on the jury's deliberations. *Leon*, 2010 WL 3476680 at *15. Although respondent argues that there is overwhelming evidence to support a conviction for second degree murder under an implied malice standard, once the jury found that petitioner had shot at an occupied vehicle, the jury had no occasion to consider the issue of implied malice. Moreover, a letter from one of the jurors suggests the "overwhelming majority of the other jurors were willing to award a verdict of manslaughter, but were constrained by the court's instructions." Court Transcript, 1127.

The Ninth Circuit has previously found such errors to be prejudicial. In *Evanchyk v. Stewart,* 340 F.3d 933 (9th Cir. 2003), the petitioner was granted habeas relief after being convicted of conspiracy to commit first degree murder. Under Arizona law, intent to kill was an essential element of conspiracy to commit first degree murder, but the trial court's instructions essentially permitted the jury to convict under a felony murder theory without the requisite showing of intent. Applying *Brecht*, the court found the instructional error to be prejudicial, because it had, at the least, "grave doubt" as to whether the petitioner would have been convicted under an intent-to-kill theory. *Id*. at 941. In particular, the verdict forms for two of the petitioner's co-defendants indicated that all or nearly all of the jurors based their guilty verdicts on a felony murder theory. *Id*. Similarly here, it is unclear whether petitioner was convicted under a valid implied malice theory or an invalid felony murder theory and there are indications in the record that the jury may have relied upon the improper instruction. Although there may be sufficient evidence to support an implied malice theory, respondent has not pointed to anything in the record strongly indicating that the jury actually relied upon this theory. *Compare with Pulido*, 2010 WL 5157164 (finding harmless error where jury's special circumstance finding was inconsistent with theory that petitioner joined robbery after killing had already taken place). Because this court is left with "grave doubt" about whether the jury would have found implied malice, the conviction cannot be upheld under the *Brecht* standard.

CONCLUSION

For the foregoing reasons, the motion to alter the judgment is **DENIED.**

IT IS SO ORDERED.

Dated: January 13, 2011

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

United States District Court
For the Northern District of California