UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEON,<br>　　　　Plaintiff,<br>　　v.<br>TOM FELKER,<br>　　　　Defendant. | Case No. 07-cv-03954-JST<br><br>**ORDER GRANTING MOTION TO REOPEN CASE TO ADJUDICATE TWO PREVIOUSLY UNADDRESSED CLAIMS**<br><br>Re: ECF No. 67 |

　　　　In this habeas corpus action, Petitioner David Leon moves to re-open the case so that the Court may adjudicate two claims that have not yet been resolved. ECF No. 67. Respondent Tom Felker filed a statement of non-oppositon. ECF No. 71. The Court will grant the motion.

　　　　Leon filed a federal habeas corpus petition under 28 U.S.C. § 2254 on August 1, 2007, to challenge his jury conviction for second degree murder and discharging a firearm at an occupied motor vehicle. ECF No. 1. In his amended petition, which he filed on March 19, 2008, he contends that (1) the trial court erred by instructing on the invalid theory of second degree felony murder; (2) the trial court erred by giving an irrebutable presumption instruction regarding the malice element of second degree murder; (3) the trial court erred by failing to instruct on the collateral purpose element of second degree felony murder; and (4) if the court were to hold that the California merger rule applies to the negligent discharge of a weapon but not to the offense of shooting at an occupied vehicle, his right to equal protection would be violated.

　　　　Before this action was reassigned to this Court, Judge Patel adjudicated the first two of Leon's claims, concluded that the trial court erred by instructing on second degree murder, and vacated the conviction for second degree murder. See ECF No. 48. In light of this holiding, Judge Patel stated that she would "not reach petitioner's collateral purpose and equal protection

claims." Id. at 22. The Ninth Circuit ultimately reversed Judge Patel's vacatur of the second degree murder conviction without addressing Leon's collateral purpose and equal protection claims ("the claims at issue"). ECF No. 62.

Leon now moves for the adjudication of the claims at issue on the ground that the claims have not yet been adjudicated, either by Judge Patel or the Ninth Circuit. Because Felker does not oppose the motion, and because the record shows that the claims at issue have not been previously adjudicated, Leon's motion is GRANTED. Leon shall file a new traverse in support of his remaining claims within 90 days of the date this order is filed.

**IT IS SO ORDERED.**

Dated: December 8, 2013

JON S. TIGAR
United States District Judge